## Case No. 18,233.

### BENTLEY v. SEVIER et al.

[Hempst. 249.] [1]

Superior Court, Territory of Arkansas. July, 1834.

SCIRE FACIAS—EXECUTION.

A scire facias is an action to which a party may plead, and it may be executed in the same manner as a summons.

[Scire facias by Eli Bentley, executor of the will of George Bentley, against Ambrose H. Sevier and others.]

Before CROSS and LACY, Judges.

OPINION OF THE COURT. This is a motion by the defendants to quash the return of a scire facias executed in the same manner as a summons. It is contended that the statute does not embrace this writ, and that it cannot be executed as an ordinary summons, but must be served agreeably to the common law. Geyer's Dig. p. 245, § 10, declares that "the original process in all actions of slander, trespass, assault and battery, actions on the case for trover or other wrongs, and personal actions," shall be a writ of summons. It further provides that service of a summons shall be by reading the writ, declaration, petition, or statement, to the defendant, or by delivering him a copy thereof, or leaving such copy at his usual place of abode, with some person of the family above the age of fifteen years, and informing such person of the contents thereof; such service to be at least fifteen days before the return day of the writ. There is also a statute among the territorial acts (Acts 1818, p. 35), which, without naming any particular action, provides generally that notice on all suits then pending, or thereafter to be commenced, might be served by leaving a copy as above indicated. The service of the scire facias under consideration is agreeable to the direction of this statute, and the question is whether it is sufficient.

There can be no doubt it was the object and intention of the legislature, by using

---

general language respecting suits, to include this writ, and treat it as an action. A scire facias is declared to be a judicial writ founded on some matter of record, such as a recognizance or judgment. 2 Tidd, Prac. 982. It is said by Lord Coke (3 Co. Litt. 290b, 524): "Although it be a judicial writ, yet in law it has ever been held to be an action to which a party could plead, and a release of all actions includes a scire facias." Skin. 682; 10 Mod. 258; 2 Term R. 46; 1 Term R. 267; 4 Bac. Abr. tit. "Scire Facias," 409; 2 Ld. Raym. 1048; 2 Wils. 251. It will be perceived, upon examination, that many of these cases are somewhat conflicting, and most of them apply to suits brought upon recognizances, or to repeal letters patent, or on like subjects, when it is declared to be either an original, or in the nature of an original writ. 2 Tidd, Prac. 983–1035. And the courts appear to have frequently determined that it was a judicial, or in the nature of an original, writ, as best suited their rules of practice, and consequently no satisfactory test is given whereby the distinction can always be exactly ascertained. And without attempting to reconcile these differences, we say that in this instance, if it can be considered as process intended to notify a party of an action pending, agreeable to the statute cited, as we think it may, the service is good, and we overrule the motion.

Motion overruled.